IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-03162-RM-STV

JOAN OBESLO, et al., on behalf of GREAT-WEST
FUNDS, INC.,

     *Plaintiffs*,

     v.

GREAT-WEST LIFE & ANNUITY INSURANCE CO.
and GREAT-WEST CAPITAL MANAGEMENT, LLC

     *Defendants*.

---

## SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE
## PARTIES

Scheduling Conference – March 20, 2017, 10 a.m. MT

| Counsel for all Plaintiffs: | Counsel for Defendant: |
|---|---|
| Jerome J. Schlichter<br>Michael A. Wolff<br>Stephen M. Hoeplinger<br>Schlichter Bogard and Denton, LLP<br>100 South 4th Street, Suite 1200<br>St. Louis, MO 63102<br>Phone: (314) 621-6115<br>Fax: (314) 621-5934 | Edward C. Stewart, #23834<br>Wheeler Trigg O'Donnell LLP<br>370 Seventeenth Street, Suite 4500<br>Denver, CO 80202-5647<br>Tel: (303) 244-1800<br>Fax: (303) 244-1879 |

Sean M. Murphy
Benjamin J. Reed
Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street, 47th Floor
New York, NY 10005-1413
Tel: (212) 530-5000
Fax: (212) 822-5688

Robert Liubicic
Milbank, Tweed, Hadley & McCloy LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067-3019
Tel: (424) 386-4525
Fax: (213) 892-4725

Robert M. Little
Great-West Financial
8525 E. Orchard Road, 2T3
Greenwood Village, CO 80111
Tel: (303) 737-5089
Fax: (303) 737-1699

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction under 15 U.S.C. §80a-35(b)(5) and §80a-43, and 28 U.S.C. §1331 because this is an action arising under §36(b) of the Investment Company Act, 15 U.S.C. §80a-35(b).

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a.    Plaintiffs:

Section 36(b) of the Investment Company Act ("ICA") imposes a "fiduciary duty [on an investment adviser] with respect to the receipt of compensation for services." 15 U.S.C. §80a-35(b). Great-West Funds Inc. is a registered, open-ended management investment company

2

under 15 U.S.C. §80a-3 and §80a-4. It issues shares of its stock in a series of 63 funds (the "Funds"). Plaintiffs are shareholders in Great-West Funds Inc. Defendant Great-West Life & Annuity Insurance Co. ("GWLA") provides administrative services to the Funds under an Administrative Services Agreement ("ASA"). Defendant Great-West Capital Management, LLC ("GWCM", and together with GWL&A, "Defendants") is investment adviser to the Funds. GWCM is a wholly-owned subsidiary of GWLA.

GWCM caused Great-West Funds to enter into the ASA with GWLA. Under the ASA, GWLA's fee is 35 basis points (0.35%) of the average daily net assets of the Funds. This fee is disproportionate to the value of the services GWLA actually provides to Great-West Funds and could not have been the product of an arm's-length transaction. Under 15 U.S.C. §80a-15(b), GWLA and GWCM had a duty to provide the Great-West Funds board with sufficient information to fully evaluate the ASA and GWLA's profitability. They failed to do so. GWLA and GWCM also had a fiduciary duty with respect to the fees Great-West Funds pays GWLA (15 U.S.C. §80a-35(b)), which they violated and continue to violate, as Great-West Funds pays GWLA excessive compensation that is so disproportionate to the services rendered that it could not have been (and was not) the result of arm's-length bargaining. The ASA itself is unlawful for constituting a joint enterprise, joint arrangement, and/or profit sharing plan between GWLA and Great-West Funds. GWLA likewise had a duty not to take excessive compensation and is liable to restore to Great-West Funds the excessive compensation it received for the period from December 23, 2015 to the date of trial, plus lost investment returns as actual damages.

### b.    Defendants:

Defendants deny that the fees charged to Great-West Funds for administrative services

are excessive or that they breached their fiduciary duties.  Defendants further assert that: (1) the

fees at issue were approved annually by a majority of statutorily-disinterested directors whose

judgment is entitled to substantial deference, (2) the Complaint fails to state a cause of action

upon which relief may be granted, (3) the Plaintiffs lack standing to pursue claims, (4) any

potential relief for the alleged breach of fiduciary duty is limited to actual damages for the one

year period immediately following the filing of the Complaint, and (5) there is no right to a jury

trial under Section 36(b).

　　　　With respect to standing and failure to state a cause of action, Defendants intend to move

to dismiss on the following grounds:

　　　　Plaintiffs brought suit on behalf of each of the more than 60 mutual funds within the

Great-West Funds, Inc. complex but lack standing on behalf of many of those mutual funds

because they do not own shares in those funds.  Plaintiffs do not even allege which funds within

Great-West Funds, Inc. they actually own.  The Complaint is thus defective and fails to make

specific and individualized allegations that are sufficient to plead a Section 36(b) claim.

　　　　**c.　　Other Parties: None.**

### 4. UNDISPUTED FACTS

　The following facts are undisputed:

　　　　1.　　Great-West Funds, Inc. is a registered investment company under the ICA.

　　　　2.　　GWCM is a registered investment adviser under the Investment Advisers Act of

1940, and acts as investment adviser to the Funds.

　　　　3.　　 GWCM is a wholly-owned subsidiary of GWLA.

## 5. COMPUTATION OF DAMAGES

Plaintiffs:  Defendants that breach ICA §36(b) are obligated to return excessive investment management fees to the investment company, as well as being subject to full equitable relief. Damages thus are based on what would have been reasonable compensation for the services GWLA rendered and recovering the excess over that amount that GWLA received. The damages period runs from December 23, 2015 through to the date of trial. Those damages include the lost investment returns that would have been gained on recovered excessive fees. Discovery and expert analysis are necessary for Plaintiffs to provide that computation of damages.

Plaintiffs, through their counsel, can only estimate damages at this point. GWLA has received approximately $50 million in administrative fees for services provided to Great-West Funds each year for the past two years. Plaintiffs believe their company's damages will exceed $10 million per year.

Defendants:  Under Section 36(b) of the ICA, Plaintiffs' potential relief for the alleged breach of fiduciary duty is limited to actual damages for the one year period immediately preceding the filing of the Complaint.  Actual damages are limited to restitution of the allegedly excessive portion of the fees, or the amount by which the fee exceeded a fair fee.  Potential damages do not include the lost investment returns that Plaintiffs allegedly would have gained on recovered fees.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.      Date of Rule 26(f) meeting:**

The parties had a meeting on February 14, 2017.  Several subsequent meetings via email communications occurred as part of preparing this report.

**b.      Names of each participant and party he/she represented.**

Michael Wolff and Stephen Hoeplinger attended for the Plaintiffs.  Robert Liubicic and Benjamin Reed attended for the Defendants.

**c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The parties exchanged Rule 26(a)(1) disclosures on February 28, 2017.

**d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

**e.      Statement concerning any agreements to conduct informal discovery:**

The parties have agreed that Plaintiffs will not need to formally re-request, and Defendants will not need to re-produce, the materials furnished to the Great-West Funds Board of Directors in connection with their meetings, along with the minutes of those meetings, which have already been produced to Plaintiffs in the related case filed in the District of Colorado, *Obeslo v. Great-West Capital Management*, LLC, No. 16-cv-00230-CAM-MJW ("Obeslo Advisory Fee Action").  The parties have also agreed to use the same form of protective order that the parties entered in that case.

6

**f.   Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties have agreed to use a unified exhibit numbering system.

**g.   Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties anticipate that this case may involve extensive electronically stored information ("ESI").  Defendant GWCM is in the process of producing ESI in the *Obeslo* Advisory Fee Action.  Plaintiffs' position is that the ESI produced in the *Obeslo* Advisory Fee Action is relevant to this action, but reserve the right to request production of additional ESI in this action.  Defendants believe that ESI production in the *Obeslo* Advisory Fee Action obviates the need for additional ESI requests in this action, and reserve their right to object to additional requests for ESI production in this action.  The parties agree that any new ESI produced in this case will be produced according to the same specifications used in the *Obeslo* Advisory Fee Action.

**h.   Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

Defendants contend that settlement discussions would not be useful until after their motion to dismiss has been decided and substantial discovery has been completed.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

**a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Plaintiffs propose that each side shall be able to take 15 fact depositions, plus depositions of experts, without seeking leave of court. This corresponds with the Scheduling Order in the *Obeslo* Advisory Fee Action (Doc. 25 at 9).

Defendants contend that the proposed deposition limit is only appropriate if Defendants' motion to consolidate this case with the *Obeslo* Advisory Fee Action (Doc. 131) is not granted, and in the event the motion to consolidate is not granted Defendants reserve the right to request procedures that minimize duplicative deposition discovery in the two actions.

**b.      Limitations which any party proposes on the length of depositions.**

None, other than that the default rule set forth in Fed. R. Civ. P. 30(d)(1) should apply.

**c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties have agreed to limit (1) the number of requests for production to 25 per side, and (2) the number of requests for admission to 25.

**d.      Other Planning or Discovery Orders**

None.

## 9. CASE PLAN AND SCHEDULE

Defendants have filed a motion to consolidate this action with the *Obeslo* Advisory Fee Action. (Doc. 131). In light of the motion to consolidate and for other reasons, the parties disagree over the schedule for discovery.

Plaintiffs believe the case should proceed to discovery despite the pending motion to consolidate, and propose a 15-month period for fact discovery.

Defendants believe that discovery should be stayed pending resolution of Defendants' motion to consolidate.  Plaintiffs have filed an unopposed motion to set an amended schedule in the *Obeslo* Advisory Fee Action.  (Doc. 144).  If consolidation is granted, discovery will proceed according to the schedule ordered in the consolidated action.  If consolidation is denied, Defendants propose a 6-month period for fact discovery commencing upon the date of denial of the motion to consolidate.  The parties' proposed positions are set forth below:

**Plaintiffs' position on discovery.**

Plaintiffs believe discovery should begin while the motion to dismiss is pending and proceed on the following schedule:

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

February 2, 2018.  Plaintiffs contend that this amendment deadline presumes that substantial factual discovery is complete (including production, review time, and necessary depositions) allowing the parties to know the precise identities of all entities and individuals who were responsible for breaches of fiduciary duties.

b. **Discovery Cut-off:**

Fact discovery cut-off of May 31, 2018. Deadline to issue written discovery of March 2, 2018.

c. **Dispositive Motion Deadline:**

December 14, 2018.

d. **Expert Witness Disclosure**

9

      1.      **The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiffs anticipate calling experts in fields related to investment company board fiduciary duties, administrative services, and the compensation mutual funds' administrative service providers.

      2.      **Limitations which the parties propose on the use or number of expert witnesses.**

Six per side, not including rebuttal experts.

      3.      **Plaintiffs' expert disclosures.**

August 3, 2018.

      4.      **Defendants' rebuttal expert disclosures.**

September 14, 2018.

      5.      **Plaintiffs' rebuttal expert disclosures.**

October 15, 2018.

**e.**      **Identification of Persons to Be Deposed:**

Without initial discovery Plaintiffs cannot determine all persons they intend to depose at this time. Those persons will include Great-West Funds Inc.'s directors Gail H. Klapper, Stephen G. McConahey, R. Timothy Hudner, James A. Hillary, and David Musto, as well as former directors Donna Lynne and Robert K. Shaw. Plaintiffs likely will also include designees of Defendants, as well as the parties' expert witnesses. Each deposition is anticipated to take 1 day of 7 hours.

**f.**      **Deadline for Interrogatories:**

March 2, 2018.

**g.      Deadline for Requests for Production of Documents and/or Admissions**

March 2, 2018.

**Defendants' position on discovery.**

Defendants believe that discovery should be stayed pending the motion to consolidate

this case with the *Obeslo* Advisory Fee Action (Doc. 131), except the parties shall exchange

Rule 26(a)(1) disclosures.  Plaintiffs have filed an unopposed motion to set an amended schedule

in the *Obeslo* Advisory Fee Action.  (Doc. 144).  If the motion to consolidate is granted,

discovery in this action will proceed on the amended schedule that will be set in the *Obeslo*

Advisory Fee Action.  If the motion to consolidate is not granted, Defendants believe that

discovery in this action can be completed on the proposed schedule set forth below because of

the substantial overlap of discovery in this case with the *Obeslo* Advisory Fee Action.

a.      **Deadline for Joinder of Parties and Amendment of Pleadings:** Due 3 months after the motion to consolidate is decided.

b.      **Discovery Cut-off:** Fact discovery closes 6 months from the decision on the motion to consolidate, should the motion be denied.  The deadline to issue written discovery is 60 days prior to the fact discovery cut off.

c.      **Dispositive Motion Deadline:** Due 60 days after Plaintiffs' rebuttal expert disclosures.

d.      **Expert Witness Disclosure**

1.      **The parties shall identify anticipated fields of expert testimony, if any.**

Defendants anticipate calling experts in the field of economics, accounting,

administrative and recordkeeping services, and mutual fund governance.

2.      **Limitations which the parties propose on the use or number of expert witnesses.**

11

Four per side, not including rebuttal experts.

**3.      Plaintiffs' expert disclosures.**

Due 60 days after completion of fact discovery.

**4.      Defendants' rebuttal expert disclosures.**

Due 45 days after Plaintiffs' expert disclosures

**5.      Plaintiffs' rebuttal expert disclosures.**

Due 30 days after Defendants' rebuttal expert disclosures

**e.      Identification of Persons to Be Deposed:**

Defendants intend to depose the Plaintiffs, as well as Plaintiffs' expert witnesses. Each

deposition is anticipated to take 1 day of 7 hours.

**f.      Deadline for Interrogatories:** Due 60 days prior to the close of fact discovery.

**g.      Deadline for Requests for Production of Documents and/or Admissions:** Due
60 days prior to the close of fact discovery.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or
she has not already set deadlines by an order filed before the conference.]*

a.      Status conferences will be held in this case at the following dates and times:

_____.

b.      A final pretrial conference will be held in this case on _____at _____
        o'clock _____m. A Final Pretrial Order shall be prepared by the parties and
        submitted to the court no later than seven (7) days before the final pretrial
        conference.

## 11. OTHER SCHEDULING MATTERS

**a.      Identify those discovery or scheduling issues, if any, on which counsel after a
good faith effort, were unable to reach an agreement.**

**b.      Anticipated length of trial and whether trial is to the court or jury.**

12

The parties are unable to anticipate how long trial in this case will last. Plaintiffs request a jury trial. Defendants intend to move to strike the demand on the basis that Section 36(b) is an equitable remedy for which there is no right to a jury trial.

  **c.**  **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The parties agree that this scheduling order may be amended upon the showing of good cause which may include, among other things, the resolution of discovery disputes and the timing and volume of the production of documents.

DATED at Denver, Colorado, this _____ day of _____, 20___.

BY THE COURT:

_____
Magistrate Judge Scott T. Varholak

APPROVED:

 s/ Stephen M. Hoeplinger
Jerome J. Schlichter
Michael A. Wolff
Stephen M. Hoeplinger
Schlichter Bogard and Denton, LLP
100 South 4th Street, Suite 1200
St. Louis, MO 63102
Phone: 314.621.6115
Fax: 314.621.5934

*Counsel for Plaintiffs*

 s/ Edward C. Stewart
Edward C. Stewart, #23834
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Tel: 303.244.1800
Fax: 303.244.1879

Sean M. Murphy
Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street, 47th Floor
New York, NY 10005-1413
Tel: 212.530.5000
Fax: 212.822.5688

Robert Liubicic
Milbank, Tweed, Hadley & McCloy LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067-3019
Tel: (424) 386-4525
Fax: (213) 892-4725

Robert M. Little
Great-West Financial
8525 E. Orchard Road, 2T3
Greenwood Village, CO 80111
Tel: 303.737.5089
Fax: 303.737.1699

*Counsel for Defendants*